UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*IN RE*:

| | |
|---|---|
| HFV LIQUIDATING TRUST, | Case No. 20-51066-mar |
| | Chapter 11 |
| Debtor. | Hon. Mark A. Randon |
| | |
| SHELDON STONE, as Trustee for the HFV LIQUIDATING TRUST, | |
| | Adv. No. 22-04094 |
| Plaintiff, | |
| v. | |
| LIFE CARE SERVICES, LLC, and BRUCE BLALOCK, | |
| Defendants. | |

## RESPONSES/OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO BRUCE BLALOCK

Defendant Bruce Blalock ("Blalock") hereby serves his objections and responses to Plaintiff's First Request for Production of Documents as follows:

### General Objections

1. Blalock objects to the discovery requests to the extent they seek the disclosure of information that is subject to the attorney-client privilege and the attorney work-product doctrine. Blalock will not disclose any information that is subject to any evidentiary and/or discovery privilege, including (but not limited to)

the attorney-client privilege and the attorney work-product privilege. Any disclosure by Blalock of such information here or elsewhere is inadvertent and is not to be construed as a waiver of any such privilege and you are noticed all such information shall be clawed back under the federal rules. Blalock is willing, if requested, to provide a privilege log.

2. Blalock objects to the discovery set because it seeks to modify and enlarge the obligations set forth in Federal Rules of Civil Procedure.

3. Blalock objects to the discovery requests because they seek discovery of information that is beyond the scope of Rule 26 of the Federal Rules of Civil Procedure as it applies to the above-captioned civil action.

4. Blalock objects to the discovery requests because they are ambiguous, argumentative, misleading, unduly broad, and vague.

5. Blalock objects to the discovery requests because responding to them without objection would be oppressive, unnecessarily burdensome, unduly expensive, and unreasonably cumulative and duplicative, especially insofar as they seek the disclosure of information that is beyond the scope of Rule 26 for purposes of this civil action.

6. Blalock objects to the discovery requests because they seek information that is not relevant and neither proportionate to the issues nor

2

reasonably calculated to lead to the discovery of admissible evidence in this litigation.

7. Blalock objects to the discovery requests because they seek discovery of materials contained in publicly available documents, documents or other information already in Plaintiff's possession, and/or information contained sources equally accessible to Plaintiff, and as such, the discovery requested is oppressive, unduly burdensome and unreasonably expensive.

8. The responses set forth below are based upon information presently known to Blalock. Blalock's investigation of facts and other information relating to the discovery requests is continuing. Blalock's responses to the discovery requests will be based only upon such information and documents as are available to, and known to Blalock, at the time of such response. Blalock reserves the right, at any time, to revise, amend, correct, supplement, modify, or clarify the responses set forth below or the information divulged therein, although Blalock does not undertake to do so except to the extent required by the Federal Rules of Civil Procedure.

9. Blalock objects to the discovery requests because they seek "all" documents that fall within broad topics or categories, which make the requests effectively limitless in scope. Blalock will respond (subject to any other objections identified below and above) by reference to such materials as can be reasonably

identified in a search of files which, by description, key word or location, would be likely to contain responsive information that addresses the topic of the request. Blalock is using reasonable efforts under the circumstances to respond to the requests.

10. Without waiving or limiting the foregoing General Objections, or any of the other objections set forth herein, Blalock provides the answers below, preserving and intending to preserve:

(a) the right to object to the relevancy, materiality, privilege or admissibility of evidence for any purpose in the trial of this or any other action;

(b) the right to object, upon any ground, to any demand for further responses to the requests or to any discovery requests involving or relating to the subject matter of these requests to which answers are herein or hereafter given; and

(c) the right at any time to revise, correct, supplement, clarify and/or amend any answers furnished in these objections and responses.

11. Blalock objects to the corresponding Interrogatories to the extent that they seek to impose upon Blalock obligations or duties that are inconsistent with, or greater than, those set forth in the Federal Rules of Civil Procedure.

12. Blalock objects to the document requests to the extent that they seek to define terms and/or characterize the evidence or pleadings in this manner. Blalock further objects to the definition of any term inconsistent with how that term or terms

4

is or are defined under the Federal Rules of Civil Procedure or under any other applicable law or the historical context of this case. To the extent that Blalock adopts any terms used by plaintiff in these requests, such adoption is specifically limited to as expressly stated in a response.

13. Blalock objects to each request to the extent that the proposed time window for plaintiff's requests is overly broad, oppressive and unduly burdensome.

14. Blalock objects to the requests to the extent to which they call for a search of data sources that are not readily accessible, such as back-up tapes or other back up media, decommissioned servers or databases, and deleted or overwritten files, for example only and without limitation. Blalock will not conduct a search of data sources that are not reasonably accessible on the ground that any demand to do so is overbroad and is disproportionate to the needs of the case.

15. Blalock reserves the right to apply to the Court for an order allocating to plaintiff and its counsel some or all of the costs of its search for, and production of, any responsive documents or information.

16. Blalock objects to the instructions in the requests to the extent they seek information protected by the attorney-client privilege or the attorney work product doctrine and because they are outside the scope allowed under the discovery rules.

17. Blalock reserves the right to retract the production of any information that is produced inadvertently and is later found to fall within a general or specific objection.

18. Blalock reserves the right to assert additional objections and supplement these objections and responses, as necessary during the course of discovery in this case.

19. Blalock does not concede that any of its answers/responses to the requests are or will be admissible evidence at any hearing, trial or other proceeding in connection with this or any other litigation or proceeding. Blalock does not waive, and expressly reserves, any objection(s) that may be asserted, on any basis, to the use of any such responses/answers at any hearing, trial or other proceeding.

## **DOCUMENTS TO BE PRODUCED**

1. All Documents and Communications concerning Your professional background, including Your curricula vitae and/or resume.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request because a request of "all" such documents "concerning" is undefined, irrelevant, and without scope or definition. Plaintiff can inspect a resume copy.**

2. All Documents and Communications concerning your employment at LCS and Your position as Executive Director of Henry Ford Village.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request because "concerning" is too vague and is not both relevant to any claim or defense of a party and proportional to the needs of this case. Further, the request is too broad, without any reasonable definition offered, and no offer to even discuss search terms or where or how to apply them by counsel for plaintiff. Further yet, for example, "finances" could involve meaningless issues such as whether to a "bingo" night on Tuesday or Wednesday in 2011. That is long, many years, before any issue within the scope of this case or the complaint, and not actually an issue in this case or even related to a potential issue in this case. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

3. All Communications with or concerning LCS.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request because "concerning" is too vague and is not both relevant to any claim or defense of a party and proportional to the needs of this case. Further, the request is too broad, without any reasonable definition offered, and no offer to even discuss search terms or where or how to apply them by counsel for plaintiff. Further yet, the request is broad it could involve meaningless issues such as whether to a "birthday" night on for centenarians in 2011. That is long, many years, before any issue within the scope of this case or the complaint, and not actually an issue in this case or even related to a potential issue in this case. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

4. All Documents and Communications concerning Henry Ford Village.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request because "concerning" is too vague and is not both relevant to any claim or defense of a party and proportional to the needs of this case. Further, the request is too broad, without any reasonable definition offered, and no offer to even discuss search terms or where or how to apply them by counsel for plaintiff. Further yet, the request is broad it could involve meaningless issues such as whether to allow defendant a vacation in 2011. That is long, many years, before any issue within the scope of this case or the complaint, and not actually an issue in this case or even related to a potential issue in this case. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

5. All Documents and Communications concerning the finances and

operations of Henry Ford Village.

**ANSWER:**

**LCS incorporates each general objection. He further objects to this request because it is vague. "Concerning financing" applies as much to litigation issues such a car accident, a trip and fall, employment discrimination, and the list goes on, as it does to items like balance sheets, cash flow, profit and loss statements in the form used in this request. He also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. Further yet, plaintiff does not even attempt to**

reasonably define terms used or understand searching protocol or search terms. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.

6. All Documents and Communications concerning the financial and operational performance of the Community, including any analysis or recommendations from LCS on how to improve such performance.

**ANSWER:**

Blalock incorporates each general objection. He further objects to this request as compound. He further objects because a request of "concerning" such documents is not both relevant to any claim or defense of a party and proportional to the needs of this case. Further, the terms "financial and operational performance" are vague and ambiguous, without any reasonable definition offered, and no offer to even discuss search terms or where or how to apply them by counsel for plaintiff. Finally, documents pertaining to "analysis or recommendations" from LCS are not less available to plaintiff as Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, LCS will reasonably allow inspection by plaintiff.

7. All Documents and Communications concerning the financial or capital structure of Henry Ford Village, including potential financial alternatives, new bond financings, bond restructurings, investor presentations, Board presentations, Communications with potential or actual investors, commitment letters or letters of intent.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request because there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

8. All Documents and Communications concerning any discussions and/or analysis of Henry Ford Village liquidity, including case forecasts, analysis of cash available for debt service, vendor payments and Entrance Fee Refunds, and strategies and/or priorities for the use of Henry Ford Village's available cash.

**ANSWER:**

**Blalock incorporates each general objection. Blalock further objects to this request because it is highly compound. Blalock also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from**

**Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

9. All Documents and Communications concerning Henry Ford Village's solvency or insolvency, including the value of Henry Ford Village's assets and liabilities and Henry Ford Village's ability to pay its secured bond debt or other liabilities as they came due in the ordinary course of business.

**ANSWER:**

**Blalock incorporates each general objection. he further objects to this request because it is highly compound. He also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. Further yet, plaintiff does not even attempt to reasonably define terms used or understand searching protocol or search terms. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

10. All Documents and Communications concerning any discussions and/or analysis of the Community's onsite operations and occupancy, including any benchmarking analysis, any strategies or plans concerning improved operations or sales, and reports on the success of any operational or sale initiatives.

**ANSWER:**

**Blalock incorporates each general objection. Blalock further objects to this request because it is highly compound. Blalock also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. Further yet, plaintiff does not even attempt to reasonably define terms used or understand searching protocol or search terms. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

11. All Documents and Communications concerning Entrance Fee Refunds.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request because it is highly compound. LCS also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily**

tied to the years in question. Further yet, plaintiff does not even attempt to reasonably define terms used or understand searching protocol or search terms. Further objecting, HFV itself had this "model" long before contracting with LCS. Therefore, there is no way that LCS is the party that contains this information. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.

11(sic). All Documents and Communications concerning litigation relating to Henry Ford Village.

**ANSWER:**

Blalock incorporates each general objection. He further objects to this request because it is vague. "Concerning" litigation applies as much to a car accident, a trip and fall, employment discrimination, and the list goes on, as it does to this case. Blalock also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. Further yet, plaintiff does not even attempt to reasonably define terms used or understand searching protocol or search terms. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.

12. All Documents and Communications concerning any potential new financing, refinancing, restricting or other contingency planning for Henry Ford Village, including filing for bankruptcy protection under title 11 of the United States Code or any other formal or informal insolvency or winddown proceedings.

**ANSWER:**

**Blalock incorporates each general objection. Blalock further objects to this request because it is grossly compound. "All" documents is poorly written and lacking in a reasonable attempt to allow locating such materials. Blalock also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. Further yet, plaintiff does not even attempt to reasonably define terms used or understand searching protocol or search terms. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

13. All Documents and Communications concerning the payment or non-payment of any fees owed by Henry Ford Village to LCS, including under the Management Agreement or MOU.

**ANSWER:**

**Blalock incorporates each general objection. Blalock further objects to this request there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale**

**for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. Further yet, plaintiff does not even attempt to reasonably define terms used or understand searching protocol or search terms. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

14. All Documents and Communications concerning Henry Ford Village's accounting of fees owed and/or paid to LCS, including under the Management Agreement or MOU.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request as irrelevant and not proportional. LCS accounting method is not at issue. If HFV wants to know its accounting histories with LCS, HFV should review its own records and that should simple given the recent proceedings. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

15. All Documents and Communications concerning any transfer of value LCS received from Henry Ford Village.

**ANSWER:**

**Blalock incorporates each general objection. He further objects because this request is so poorly written that the reader is incapable of discerning what is being sought. "Concerning any transfer of value" is not a term reasonable or intelligently written to allow discovery. Further, as to relevant information of what HFV and plaintiff owes to LCS, there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from LCS or Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock LCS. Further yet, the request is not necessarily tied to the years in question. Further yet, plaintiff does not even attempt to reasonably define terms used or understand searching protocol or search terms. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

16. All Documents and Communications concerning the authorization or approval of the payment of aged invoices Henry Ford Village.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request because it is highly compound. He also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further, HFV's practices are best known by HFV, especially where as here they are not tied to LCS. Further yet, the request is not necessarily tied to the years in question. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288,**

**305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

17. All Documents and Communications with the Board concerning LCS, including the performance of LCS under the Management Agreement, payment or non-payment of fees under the Management Agreement, LCS invoices or the Aged Invoices.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request because it is highly compound. He also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

18. All Documents and Communications concerning invoices submitted by LCS to Henry Ford Village, including presentations to or Communications with the Board regarding payment of any Aged Invoice, Communications with LCS concerning any outstanding or unpaid invoice, and any negotiations, demands, proposals for delayed or expedited payment arrangements for any invoices

17

submitted by LCS, or formal or informal policies concerning payment of LCS invoices submitted to Henry Ford Village.

**ANSWER:**

**Blalock incorporates each general objection. He further objects to this request because it is highly compound. He also objects there is no way this information is more difficult to obtain by plaintiff from its own records, particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does Blalock. Further yet, the request is not necessarily tied to the years in question. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.***, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.***, 474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

19. All Documents and Communications concerning the regulation of Henry Ford Village or the Community by the Michigan Department of Licensing and Regulatory Affairs (LARA) including, required disclosures statements required under the Michigan Continuing Care Community Disclosure Act (MCL§ 554.901, et seq.), negotiations regarding revisions to such disclosure statements, escrowing of Entrance Fees, formal or informal reports or disclosures to LARA regarding Entrance Fee Refunds.

**ANSWER:**

**Blalock incorporates each general objection. he further objects to this request because it is highly compound. He also objects there is no way this information is more difficult to obtain by plaintiff from its own records,**

**particularly having just complete an asset sale for HFV, than it is to obtain from Blalock, and in fact plaintiff has equal and much more likely greater access to those documents than does LCS. Further yet, the request is not necessarily tied to the years in question. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."** *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, **784 F.3d 311, 320-21 (6th Cir. 2015) (citing** *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, **474 F.3d 288, 305 (6th Cir. 2007)). Subject to and without waiving any objection, Blalock will reasonably allow inspection by plaintiff.**

Respectfully submitted,

PLUNKETT COONEY

By: /s/ Patrick C. Lannen
Patrick C. Lannen (P73031)
Attorney for Defendant
38505 Woodward Ave.
Suite 100
Bloomfield Hills, MI 48304
(248) 901-4027
plannen@plunkettcooney.com

Dated: June 8, 2023

Open.23940.05403.31236153-1

19

22-04094-mar    Doc 54    Filed 06/15/23    Entered 06/15/23 11:26:56    Page 19 of 19